Sheehan & Associates, P.C.                    505 Northern Blvd Ste 311, Great Neck NY 11021-5101

spencer@spencersheehan.com                         tel. 516.303.0552        fax 516.234.7800

May 21, 2020

District Judge Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:   1:20-cv-00493-VEC
> Pichardo v. Only What You Need, Inc.

Dear District Judge Caproni:

This office with co-counsel Reese LLP, Michael Reese, represents the plaintiff. In accordance with your Honor's Individual Rules of Practice in Civil Cases, the parties submit this joint letter in advance of the conference of insert date.

## 1. Brief description of the action and principal defenses

### a. Plaintiff's Position

Plaintiff alleges that defendant's vanilla non-dairy beverage is represented in a way that misleads consumers and violates New York General Business Law ("GBL") §§ 349-350. The complaint alleges the Product's front label fails to truthfully designate the contents of the product by failing to disclose the non-vanilla flavoring, which defendant is required to do.

According to defendant, this is a prohibited and preempted attempt to privately enforce federal food labeling regulations. In the context of food labeling, "express preemption and implied pre-emption create a 'narrow gap' through which a plaintiff's state-law claim must fit if it is to escape express or implied pre-emption." *Elkind v. Revlon Consumer Prods. Corp.*, 14-cv-2484, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015); *see* 21 U.S.C. § 343-1(a)(1)-(5) ("no state or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce" where federal standards are established); *Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, at *6 ("[T]here are two ways plaintiffs may escape [the FDCA's] preemptive force: (1) if the plaintiffs' claims seek to impose requirements that are identical to those imposed by the FDCA; or (2) if the requirements plaintiffs seek to impose are not with respect to claims of the sort described in [the Act].").

However, plaintiff does not seek to impose additional requirements on defendant beyond what it is already required by state and federal law to do, and brings this action based on consumer protection statutes. If defendant were to make the label modifications described in the complaint, this would result in products labeling no longer violating the law.

To the extent defendant challenges the warranty claims based on the absence of privity, the New York Court of Appeals "'dispensed with" the privity requirement in actions "for breach of express warranty by a remote purchaser against a manufacturer who induced the purchase by representing the quality of the goods in public advertising and on labels which accompanied the goods." *Suarez v. Cal. Natural Living, Inc.*, No. 17-cv-9847, 2019 WL 1046662 quoting *Randy Knitwear, Inc. v. American Cyanamid Co.*, 11 N.Y. 2d 5 at 11 (1962).

Defendant opposes plaintiff's request for injunctive relief to correct the challenged representations, because plaintiff is now aware of the alleged misrepresentations and is not in danger of being deceived again. However, defendant's argument ignores that "an injunction in connection with a class action is designed to afford protection of *future consumers* from the same fraud. It does this by permitting the plaintiff to sue on their behalf." *Belfiore v. Procter & Gamble Co.*, F.Supp.3d 440, 445 (E.D.N.Y. 2014) (emphasis added). To hold otherwise "denigrate[s] the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated." *Id*.

Whether plaintiff's unjust enrichment claims are duplicative can only be ascertained in the event of a decision from this Court on the common law and statutory claims.  There may be a circumstance where the allegations fail to fit within one of the specific state law claims yet suffice to state a claim for unjust enrichment.

### b.  Defendant's Position

Defendant Only What You Need, Inc. ("OWYN") sells delicious and nutritious protein drinks that have a "smooth vanilla" flavor.  Plaintiff's Complaint is cut-and-pasted from dozens of identical complaints filed across this judicial district.  Plaintiff suffered no injury, the Complaint is contrived, and is defective for innumerable reasons.

## 2.  Jurisdiction

Plaintiff has asserted diversity jurisdiction under 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA"). Plaintiff is a citizen of Bronx County, New York.  Defendant is a citizen of New Jersey.

Defendant agrees that Plaintiff properly alleges Defendant's citizenship, an amount in controversy sufficient to establish subject matter jurisdiction and venue in this district. To the extent discovery demonstrates material inaccuracies in these allegations, the parties shall promptly inform the Court.

## 3.  Brief description of all contemplated and/or outstanding motions

Defendant intends to file a Rule 12 motion for the reasons stated above. Plaintiff intends to file a motion for class certification under Rule 23. To the extent not sooner resolved, Defendant foresees a Rule 56 motion and will contest Plaintiff's Rule 23 motion.

## 4.  Brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations

The parties are willing to, but have not engaged yet in material settlement negotiations. The parties have not engaged in any discovery.

## 5.  Brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement

The parties have not engaged in material settlement negotiations.  Plaintiff has indicated a willingness to reach a resolution but believes any outcome must ensure the subject products' allegedly misleading representations are modified.  Defendant is open to listening to Plaintiff's position; however, defendant objects to any demand that the subject products' labels be modified because its position is that they are accurate, non-misleading and in compliance with all relevant laws and regulations.

**6.  Estimated Length of Trial**

The parties believe the estimated length of trial on this matter will be two weeks.

**7.  Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Plaintiff believes the Court can assert jurisdiction over the non-New York putative class members and that Defendant's expected argument in opposition is not applicable to class actions, as opposed to mass torts.  Defendant seeks to vigorously defend its subject products.

The parties appreciate the opportunity to submit this letter and anticipate they will be able to cooperate informally in exchange of information and possible settlement positions. Because Defendant has not yet responded to the Complaint, with its date for doing so set as June 22, 2020, and because of the COVID-19 restrictions currently in place, defendant requests that no formal discovery schedule or briefing schedule for any dispositive motion be issued until Defendant's motion to dismiss is adjudicated.  Plaintiff does not agree with defendant's request to stay formal discovery until Defendant's motion to dismiss is adjudicated.  However, the parties will attempt to resolve these issues prior to bringing them to the Court's attention.

Thank you.

Respectfully submitted,

 /s/Spencer Sheehan
Spencer Sheehan

3

**Certificate of Service**

I certify that on May 21, 2020, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☐ | ☐ | ☒ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan