**BRAUNHAGEY & BORDEN** LLP

San Francisco & New York

**Jon Kortmansky**
kortmansky@braunhagey.com

July 15, 2020

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Pichardo v. Only What You Need, Inc.*, **Case No. 1:20-cv-00493-VEC**

Your Honor:

  Pursuant to the Court's May 28, 2020 Order, the parties submit this letter stating their respective positions regarding whether discovery should remain stayed.

  **1. Only What You Need, Inc.'s Position**

  Defendant Only What You Need, Inc. ("OWYN") sells delicious, nutritious, and allergen-free protein drinks, which are truthfully and accurately labeled in accordance with all applicable laws and regulations. One type of drink OWYN sells has a "smooth vanilla" flavor. Plaintiff's claim appears to be that truthfully describing a drink's flavor as "vanilla" is misleading unless that drink is made up of vanilla beans.

  Plaintiff's complaint is cut and pasted from nearly 70 identical complaints filed across this district and the Eastern District of New York. Plaintiff suffered no injury, the Complaint is contrived, and is defective for innumerable reasons. Indeed, Judge Stanton recently dismissed an identical complaint in *Steele v. Wegman Food Markets Inc.*, Case No. 1:19-cv-09227.

  As the Court is aware, OWYN previously filed a motion to dismiss the original complaint. (Dkt. No. 17.) OWYN only filed this motion after attempting to meet and confer with Plaintiff, who maintained that "The complaint is sufficient as pleaded." (*See* Dkt. No. 18 at 2.) Yet, on July 14, 2020, rather than oppose OWYN's motion to dismiss, Plaintiff filed an amended complaint. (Dkt. No. 22.)

July 15, 2020
Page 2

The amended complaint fails to correct any of the deficiencies identified in OWYN's original motion. OWYN intends to move to dismiss the amended complaint. OWYN respectfully submits that discovery should be stayed until the Court rules on the motion to dismiss, so that OWYN is not subjected to the burden and expense of doing discovery on the same claims Judge Stanton just dismissed.

To the extent the Court wishes to enter a schedule now, OWYN proposes that all future deadlines run from specific periods of time following the entry of an order on the motion to dismiss, as follows:

| Event | Deadline |
|---|---|
| Deadline to amend pleadings | No further amendment should be allowed |
| Class certification discovery begins | Same day pleadings close |
| Class certification fact discovery cutoff | Eight months after pleadings close |
| Class certification motion | Eight months after the pleadings close |
| Class certification oppositions | Pursuant to a schedule agreed on by the parties after the scope of the issues are known |
| Class certification replies | Same as above |
| Merits fact discovery begins | Upon resolution of class certification motion |
| Merits fact discovery cutoff | Three months after merits fact discovery opens |
| Expert reports | One month after close of fact discovery |
| Rebuttal expert reports | Three weeks after expert reports |
| Close of expert discovery | Six weeks after rebuttal reports |
| Deadline for dispositive motions | One month after the close of expert discovery |
| Joint pretrial conference order | To be determined after dispositive motions decided |
| Final pretrial conference | To be determined after dispositive motions decided |
| Trial | To be determined after dispositive motions decided |

### 2. Plaintiff's Position

Defendant's request for a discovery stay should be denied.

Under the Federal Rules of Civil Procedure, there is no automatic stay of discovery pending a motion to dismiss, despite what Defendant seeks here. *See e.g. Schachter v. Sunrise Senior Living Management Inc.,* 2020 WL 486880 (D. Conn. Jan. 30, 2020). ("A motion to dismiss does not automatically stay discovery").

Indeed, the high burden of establishing why a discovery stay should be entered falls squarely on the party seeking it and is governed by Federal Civil Procedure Rule 26(c). *See Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 66-67 (D. Conn. 2010); *Josie-Delerme v. Am. Gen. Fin. Corp.*, Case No. 08-cv-3166, 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009). As stated above, the pendency of a dispositive motion is not, in itself, an automatic ground for a stay; instead, courts consider three factors: 1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay. *Morien*, 270 F.R.D. at 67; *Josie-Delerme*, 2009 WL 497609 at *1. Here, Defendant bears that burden and has fallen woefully short of it. Therefore, for this additional reason, no discovery stay should be entered.

Indeed, as previously pointed out to defense counsel, the Second Circuit has held that many of the arguments Defendant raised in its previous motion to dismiss are not the grounds for dismissal, but rather for discovery. *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511-12 (2d Cir. 2005)(reversing district court dismissal of complaint, holding that "[t]his…is the sort of information that is appropriately the subject of discovery, rather than what is required to satisfy the limited pleading requirements of Rule 8(a), Fed.R.Civ.P.").

Finally, the type of stay of discovery seeks here would not only cause unnecessary delay and congest this Court's docket, but it would also undermine settlement negotiations. Discovery would allow the parties to better understand each other's positions, such as the strengths and weaknesses to both the merits of the action and any defenses to the action. As a result, such requests for a stay are routinely denied. *See e.g. Wishart v. Welkey*, case no. 19-CV-6189-DGL-MJP, 2020 WL 1891764 (W.D.N.Y. April 16, 2020). Defendant request for a stay should be denied here as well.

July 15, 2020
Page 4

Plaintiff proposes the following discovery schedule:

| Event | Deadline |
|---|---|
| Deadline to amend pleadings | 30 days after a ruling on defendant's anticipated motion to dismiss (if any portion of the complaint is, in fact, dismissed) |
| Initial Disclosures | July 27, 2020 |
| Class certification fact discovery cut-off | November 13, 2020 |
| Class certification motion | November 20, 2020 |
| Class certification oppositions | December 18, 2020 |
| Class certification replies | January 8, 2021 |
| Merits fact discovery cut-off | Three months after ruling on class certification motion |
| Expert reports | One month after close of fact discovery |
| Rebuttal expert reports | Three weeks after expert reports |
| Close of expert discovery | Six weeks after rebuttal reports |
| Deadline for dispositive motions | One month after the close of expert discovery |
| Joint pretrial conference order | To be determined after dispositive motions decided |
| Final pretrial conference | To be determined after dispositive motions decided |
| Trial | To be determined after dispositive motions decided |

Very truly yours,

Jon Kortmansky